### Christopher Julian SOLOMON, Petitioner–Appellant,

v.

### Nathaniel QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.

### No. 05–40640habeas relief from capital murder convic-

* Pursuant to 5TH CIR. R. 47.5, the court has

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 2007.

Donald Lee Bailey, Sherman, TX, for Petitioner–Appellant.

Thomas M. Jones, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent–Appellee.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Christopher Julian Solomon appeals the district court's denial of his 28 U.S.C.

determined that this opinion should not be

§ 2254 petition that challenged his conviction and sentence for capital murder. Solomon was sentenced to death, but his death sentence was commuted to life in prison because Solomon was 17 at the time the offense was committed.

Solomon was granted a certificate of appealability (COA) on the issue whether the testimony of witness Virginia Wood was material. The testimony of Wood is material "if the false testimony could … in any reasonable likelihood have affected the judgment of the jury." *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1971) (internal quotation marks and citation omitted). This determination is a mixed question of law and fact and is reviewed de novo. *Valdez v. Cockrell,* 274 F.3d 941, 946 (5th Cir.2001); *see Nobles v. Johnson,* 127 F.3d 409, 416 (1997).

A review of the record reveals that Wood's testimony regarding Solomon's guilt was substantially corroborated by the testimony of other witnesses and that Solomon presented significant impeachment evidence against Wood. Solomon has not shown that there is a reasonable likelihood that Wood's testimony regarding her plea agreement affected the judgment of the jury. *See Giglio,* 405 U.S. at 153–55, 92 S.Ct. 763; *Wilson v. Whitley,* 28 F.3d 433, 439 (5th Cir.1994).

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

